December 5, 1990

450

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

IN THE ADOPTION OF          )          APPEAL NO. 90-012
                            )          CIVIL ACTION NO. 89-59A
                            )
AMANDA C. MAGOFNA.          )          OPINION
                            )
_____ )

Argued October 4, 1990

Counsel for Petitioners/Appellants:    Jay H. Sorensen
                                       P. O. Box 1184
                                       Saipan, MP  96950

Counsel for Respondent/Appellee:       Michael A. White
                                       P. O. Box 222, CHRB
                                       Saipan, MP  96950

BEFORE:  DELA CRUZ, Chief Justice, BORJA and VILLAGOMEZ, Justices.

BORJA, Justice:

FACTS

Petitioners/appellants, Francisco C. and Patricia C. Magofna (hereafter Magofnas), are the natural parents of Amanda C. Magofna[1] (hereafter Amanda), born May 13, 1980.  Amanda was adopted on July

---

[1]We note that the caption of the petition is erroneous in that the minor child's name is not Amanda C. Magofna, but Amanda M. Robinson.

451

8, 1980, by John H. Robinson and Ana M. Robinson,[2] then husband and wife. The Magofnas consented to the adoption.

The Robinsons obtained a divorce on June 29, 1989. Custody of Amanda was awarded to Ana M. Robinson, the respondent and appellee in this case (hereafter Robinson). John Robinson filed an appeal of the award of custody to this Court. We affirmed the decision of the trial court. Robinson v. Robinson, No. 89-012 (N.M.I. Feb. 5, 1990).

Meanwhile, a petition to set aside the adoption was filed by the Magofnas on October 12, 1989. On December 21, 1989, Robinson moved to dismiss the petition for failure to state a claim pursuant to Rule 12(b)(6), Com.R.Civ.P. The trial court granted the motion and dismissed the petition on February 21, 1990.[3]

The trial court concluded in its order of dismissal that the only allegation in the petition was that since Robinson is now divorced, it was in Amanda's best interest to be taken from her custody and placed in the Magofnas' custody. The court reasoned that to deprive a parent of parental rights on this basis would be discriminatory and contrary to Commonwealth law. It cited 8 CMC §§ 1701, 1702, for its holding that "it is the law and stated policy of the Commonwealth that the marital status of the parent is of no consequence in determining the rights of parents in the parent and child relationship." In re Adoption of Magofna, Civil Action No.

---

[2]Ana M. Robinson is the sister of Francisco C. Magofna.

[3]The Magofnas did not seek leave to amend their petition, nor did the trial court, sua sponte, grant them leave to amend their petition.

89-59(A), order at 3 (N.M.I. Super. Ct. February 21, 1990). This appeal followed.

## ISSUES

1. Whether the trial court erred in concluding that the petition failed to state a claim upon which relief could be granted.

2. Whether the trial court erred in failing to sua sponte grant leave to amend the petition.

## STANDARD OF REVIEW

The first issue is a question of law, reviewed de novo. Sablan v. Iginoef, No. 89-008 (N.M.I. June 7, 1990); 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1357 (1990).

The second issue is reviewed for abuse of discretion since an amendment to a pleading, other than one made as a matter of right or by written consent of the adverse party, can only be made by leave of court. Com.R.Civ.P. 15(a); 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d §§ 1474, 1484 (1990).

## ANALYSIS

### I. Failure to State a Claim

We agree with the trial court that the petition filed by the Magofnas was insufficient to withstand a Rule 12(b)(6) motion.

Rule 8(a)(2), Com.R.Civ.P., states that

> A pleading which sets forth a claim for relief . . . shall contain
> . . . .

> a short and plain statement of the claim showing that the pleader is entitled to relief. . . .

·Rule 8(a)(2) of the Federal Rules of Civil Procedure is exactly the same. Interpretations of the federal rule would be helpful. Tudela v. MPLC, No. 90-011 (N.M.I. June 7, 1990).

Wright & Miller state that

> [T]he complaint, and other relief-claiming pleadings need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided. However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may nót be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.

5 C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1216 (1990) (citations omitted) (emphasis added).

The Magofnas' petition clearly does not contain "direct allegations on every material point necessary to sustain a recovery on any legal theory," nor does it "contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." As such, it was subject to a motion to dismiss under Rule 12(b)(6). While it is true that a trial court must accept all well-pleaded facts of the non-moving party as true, and must also draw reasonable inferences from allegations, there is no duty to strain to find inferences favorable to the non-moving party.

Other than the allegation of the divorce, there is nothing

else in the Magofnas' petition that would put Robinson on notice as to why they are entitled to the relief they seek, i.e., terminating the parent and child relationship between the Robinsons and their child, Amanda.

We agree with the trial court that the marital status of the parents does not make any difference in determining the rights of parents in the parent and child relationship. Cf. 8 CMC § 1401(a) ("Any suitable person who is not married, or is married to the father or mother of a child, or a husband and wife jointly may . . . adopt a child. . . .); 8 CMC § 1702 ("The parent and child relationship extends equally to every child and to every parent, regardless of the marital status of the parents.").

## II. Leave to Amend

Rule 15(a), Com.R.Civ.P., states that

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not bee placed upon the trial calendar, he may so amend it any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

This rule is clear that a party has three ways in which to amend his pleading. He can do so a) as a matter of course, b) by written consent of the adverse party, or c) by leave of court. If an amendment as a matter of course is no longer available, and if the adverse party refuses to agree in writing to an amendment, then an amendment may be made only by leave of court. See 27 Fed Proc L Ed

455

Pleadings and Motions § 62:258 (1984).

In this case, the Magofnas lost their opportunity to amend their petition as a matter of course when Robinson filed a responsive pleading. Since Robinson did not file a written consent to an amendment, the only alternative would have been for the Magofnas to seek leave to amend from the court. They failed to do so. They cannot now complain that the court abused its discretion by not allowing them leave to amend sua sponte. See 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d § 1485 (1990).

Because we hold that the trial court did not abuse its discretion, we will not remand this matter to seek leave of court. to amend. The motion for leave to amend should have been made in the court below, even after the order of dismissal. As stated in 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1357 (1990), "[a] dismissal under Rule 12(b)(6) is not final or on the merits and the court normally will give plaintiff leave to file an amended complaint." Rule 15(a), Com.R.Civ.P., specifically provides that "leave shall be freely given when justice so requires."

Further, our decision precludes the Magofnas from filing a petition asserting their original claim because of the res judicata effect of the trial court's ruling, which we uphold. It is stated in Restatement (Second) of Judgments § 19 (1982) that "[a] valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim." In comment d

of the same section, it is stated that "[t]he rule stated in this Section is applicable to a judgment for the defendant on demurrer or motion to dismiss for failure to state a claim."

Procedural law is dispositive of this appeal. We agree with Robinson that the substantive law in this situation should not be addressed by us at this time. Arguments concerning the applicable substantive law were presented below, but the court did not reach those issues. Cf. Camacho v. Northern Marianas Retirement Fund, No. 90-007 (N.M.I. September 21, 1990) (this Court will generally not consider issues raised for the first time on appeal). The trial court should first have the opportunity to rule on the substantive issues on the basis of a fully developed record if these issues are presented again in a different case.

## CONCLUSION

The order of the trial court is AFFIRMED.

Jose S. Dela Cruz
Chief Justice

Ramon G. Villagomez
Associate Justice